IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LESHIA A. HART EDWARDS,

    Plaintiff,

v.

3:14-CV-1596-PK

OPINION AND ORDER

BRUCE ALAN BATCHELOR,

    Defendant.

MARCO HERNANDEZ, District Judge:

    Plaintiff *pro se* Leshia A. Hart Edwards filed this action *in forma pauperis* against defendant Bruce Alan Batchelor on October 9, 2014. For the reasons set forth below, Edwards' action is dismissed without prejudice pursuant to Federal Civil Procedure Rule 12(h)(3).

    Analysis of the allegations in support of Edwards' complaint suggests that Edwards intends either to bring one or more battery claims against Batchelor or to bring claims against

Page 1 - OPINION AND ORDER

unspecified law enforcement personnel not named as defendants herein, in connection with those absent parties' alleged lax enforcement of one or more restraining orders barring Batchelor from, *inter alia*, entering Edwards' residence, entering Edwards' vicinity, contacting Edwards, or committing acts of violence against her. Edwards' claim and/or claims and supporting allegations do not give rise to any essential federal question, and it appears to be clear that this court lacks diversity jurisdiction over Edwards' action.

On October 16, 2014, Judge Papak ordered Edwards to show cause within thirty days why her action should not be dismissed for lack of federal subject-matter jurisdiction or, in the alternative, to amend her pleading to cure its jurisdictional infirmities. Edwards made no effort either to make that showing or to amend her pleading within the time allowed for so doing, but on the basis of her *ex parte* representations to the court that she needed additional time to respond, on December 8, 2014, Judge Papak amended his order to allow Edwards until December 19, 2014, either to make the required showing or to amend her pleading. On December 19, 2014, Edwards moved for appointment of *pro bono* counsel and for appointment of a mediator. Edwards has neither responded to the order to show cause nor amended her pleading to cure the jurisdictional infirmities identified by Judge Papak.

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction"). In the absence of any grounds for the exercise of federal subject-matter jurisdiction over Edwards' claim or claims, this action is dismissed without prejudice in its entirety for lack of subject-

Page 2 - OPINION AND ORDER

matter jurisdiction. As noted in Judge Papak's Order (#7) to Show Cause, such dismissal does not impair her right to proceed with her claim or claims in the courts of the State of Oregon.

## CONCLUSION

For the reasons set forth above, Edwards' action is dismissed without prejudice in its entirety. All pending motions are denied as moot. A final judgment shall be prepared.

Dated this 30th day of December, 2014.

*Marco Hernandez*
Honorable Marco Hernandez
United States District Judge